1  SPILLANE WEINGARTEN LLP
   Jay M. Spillane (Bar No. 126364)
2  jspillane@spillaneweingarten.com
   Eric Carlson (Bar No. 193401)
3  ecarlson@spillaneweingarten.com
   1100 Glendon Avenue, Suite 1200
4  Los Angeles, California 90024
   (310) 229-9300
5  (310) 229-9380 (fax)

6  Attorneys for Plaintiff Samson Investments, AVV

7

8

FILED

10 AUG 18 PM 4: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES.

BY:

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12  SAMSON INVESTMENTS, AVV, a        Case No. **CV10 6178-CHS**
    Netherlands Antilles company,                       (AGRA)
13
                                       COMPLAINT FOR:
14         Plaintiff,
                                       1. COPYRIGHT INFRINGEMENT
15    vs.                                 (Direct);
                                       2. COPYRIGHT INFRINGEMENT
16  EVAN SEINFELD, an individual;         (Inducing Infringement);
    LUPE FUENTES, LLC, a California    3. COPYRIGHT INFRINGEMENT
17  limited liability company;            (Contributory Infringement).
    WEBQUEST, INC. a California        4. COPYRIGHT INFRINGEMENT
18  corporation; NETBILLING, INC., a      (Vicarious Infringement);
    California corporation; LOCAL      5. FALSE COPYRIGHT
19  BILLING, LLC, a California limited     MANAGEMENT
    liability company; and Does 1-10,     INFORMATION (17 U.S.C. §
20  inclusive,                             1202)
                                       6. VIOLATION OF 15 USC §
21         Defendants.                    1125(a)

22                                     Demand for Jury Trial

23

24

25

26

27

28

1    Plaintiff Samson Investments, AVV ("Samson"), avers:

2    **Jurisdiction and Venue**

3    1.    This Court has subject matter jurisdiction over the claims set forth

4    in this Complaint pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et*

5    *seq.*, 28 U.S.C. §§ 1331 and 1338(a).  This Court also has subject matter

6    jurisdiction over the claims set forth in this Complaint pursuant to the Lanham

7    Act, 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. §§ 1331 and 1338(a).

8    2.    Venue is proper under 28 U.S.C. § 1391(b) in that one or more of

9    the Defendants, all of whom reside in California, reside in this District, and a

10   substantial part of the events giving rise to this action occurred in this District.

11   **The Parties**

12   3.    Samson is a Netherlands Antilles company located at

13   Chuchubiweg 17, Willimstad, Curacao, Netherlands Antilles.

14   4.    On information and belief, Defendant Evan Seinfeld ("Seinfeld")

15   is an individual doing business at 4570 Van Nuys Blvd., Suite 163, Sherman

16   Oaks, CA 91403.

17   5.    On information and belief, Defendant Lupe Fuentes, LLC is a

18   California limited liability company with offices at the address of its registered

19   agent, 16000 Ventura Boulevard, Suite 1000, Encino, CA 91436, and doing

20   business at Seinfeld's business office, 4570 Van Nuys Blvd., Suite 163,

21   Sherman Oaks, CA 91403.  On information and belief, Seinfeld's activities as

22   alleged herein or for, on behalf of or for the benefit of Lupe Fuentes, LLC.

23   6.    On information and belief, Defendant Webquest, Inc.

24   ("Webquest") is a California corporation located at 26500 West Agoura Road,

25   Suite 102-595, Calabasas, CA 91302.

26   7.    On information and belief, Defendant Netbilling, Inc.

27   ("Netbilling") is a California corporation located at

28   25060 West Avenue Stanford #250, Valencia, CA 91355.

1    8.    On information and belief, Defendant Local Billing, LLC ("Local

2  Billing") is a California limited liability company with business offices in Los

3  Angeles County, California.

4    9.    Samson has no knowledge of the true names and capacities of the

5  parties sued as Doe Defendants 1-10, inclusive, and therefore sues them using

6  fictitious names.  Samson will amend this Complaint to identify these Doe

7  Defendants specifically if and when their true names and capacities are

8  ascertained.

9    10.    On information and belief, through their acts or omissions, Does 1-

10  10 are responsible, along with the other specifically-named defendants, for the

11  injuries alleged, and therefore are liable to them.  On information and belief, at

12  all times, the specifically-named defendants and Does 1-10 were principals,

13  agents, and/or representatives of each other, or acting in concert with one

14  another, such that the acts or omissions of any of them can be ascribed to the

15  others.

## Little Lupe

17    11.    Samson owns copyrights, trademarks and other rights in relation to

18  subscription websites featuring adult entertainment content.  These websites are

19  managed by First Choice Management ("First Choice"), in the person of Paolo

20  Cammarata ("Paolo").  These websites are promoted through a marketing,

21  traffic and affiliate program known as "Teen Revenue," www.teenrevenue.com.

22    12.    In late 2006 or early 2007 Paolo met Zuleidy Lapiedra, who had

23  established some notoriety as a nude model in Spain.  Ms. Lapiedra is

24  diminutive, standing 4'9" and weighing approximately 80 pounds.  Paolo and

25  Ms. Lapiedra reached agreement to shoot erotic content featuring Mr. Lapiedra,

26  build a website and promote the content and Lapiedra through Teen Revenue.

27    13.    Lapiedra executed an agreement with First Choice and a sister

28  management company, Venus Management ("Venus"), to model for still

1  photographs, videos and other content. The agreement provided that all rights
2  in and to such works, including all copyright, right of publicity and trademark
3  rights, would belong to First Choice and Venus, which in turn assigned all of
4  their rights to Samson.

5         14.    On Samson's behalf Paolo coined a stage name for Lapiedra,
6  "Little Lupe," and registered, in Samson's name, the domain littlelupe.com.
7  Paolo saw to the construction of the website www.littlelupe.com, which became
8  the exclusive source for the still images, videos and other content featuring
9  Lapiedra that was shot by First Choice and Venus. Until recently,
10 www.littlelupe.com was the sole source on the Internet for erotic content
11 featuring Lapiedra. "Little Lupe" became, and has been for the last three years,
12 one of the most popular and profitable websites marketed through the Teen
13 Revenue program. The "Little Lupe" mark has become indelibly associated
14 with Lapiedra in the adult entertainment market.

15                **The Rejected Overtures to Cross-Sell Sites**

16        15.    On information and belief, Seinfeld manages and promotes female
17 porn stars. For example, on information and belief, Seinfeld has promoted porn
18 star Tera Patrick, including through websites promoting her, and through a
19 company, Teravision, Inc.

20        16.    On information and belief, in 2009, Seinfeld began managing and
21 promoting Lapiedra. On information and belief, Seinfeld and Lapiedra decided
22 to misappropriate the fame and goodwill associated with the mark "Little Lupe"
23 by promoting Lapeidra as "Little Lupe" and "Lupe Fuentes." On information
24 and belief, Seinfeld registered domain names including lupefuentes.com and
25 ilovelupe.com in or about April 2009 in anticipation of promoting Lapiedra
26 through new websites at those URLs.

27        17.    Shortly after registering these domains, Seinfeld approached Paolo
28 to propose a business arrangement to create and place content on a new website,

1    one that Seinfeld would manage and Paolo would promote through Teen

2    Revenue, featuring Lapiedra.  Seinfeld proposed that the new site would refer to

3    and promote www.littlelupe.com as the place where Lapiedra's "legacy started"

4    and as the location of her "first teen site."  Seinfeld wanted to split revenues on

5    both his new site on www.littlelupe.com.  Paolo, believing that Seinfeld was

6    proposing to unfairly profit from the fame and success of www.littlelupe.com,

7    and that his offers were unreasonable, declined Seinfeld's offer in June 2009.

8         18.    At some point after this rejection, on information and belief

9    Seinfeld launched Lapiedra's new site in collaboration with Webquest.

10        19.    In April 2010 Seinfeld approached Paolo again.  Seinfeld

11   introduced Paolo via email to has contact at Webquest, a company that Seinfeld

12   said was "partner in Lupe's new site."  Seinfeld still wanted Paolo to become

13   involved in cross-promoting the new site featuring Lapiedra with

14   www.littlelupe.com.  Seinfeld said that he wanted Paolo to agree to upsell

15   memberships in the new site from the members' area of www.littlelupe.com,

16   and that he wanted access to the members information for www.littlelupe.com

17   to solicit memberships in his new site.  In making this email introduction to

18   Webquest, Seinfeld said: "Paolo is the genius architect behind littlelupe.com

19   and all it's [sic] traffic...  Littlelupe was generating monster bucks for a single

20   girl site."

21        20.    Again, Paolo felt that Seinfeld wanted to take undue advantage of

22   Paolo's hard work and skill in turning www.littlelupe.com to Seinfeld's

23   advantage.  Paolo informed Seinfeld and his "partner," Webquest, that Paolo

24   would not grant consent to the proposed arrangement.

25        **The "Partnership" with Webquest and the Infringing Content**

26        21.    On information and belief, having failed to obtain consent to

27   connect the new Lapiedra site with the goodwill and fame associated with

28

Complaint

- 4 -

1 | www.littlelupe.com , Seinfeld decided to steal that fame and goodwill through
2 | unlawful means.

3 | 22. On information and belief, among its business operations
4 | Webquest contracts with adult entertainment content providers, wherein the
5 | providers produce and/or supply content and Webquest produces, supports,
6 | maintains, promotes and advertises the websites that reproduce, display and
7 | distribute such content. On information and belief, Webquest also contracts and
8 | deals with payment processing companies that manage merchant banking
9 | transactions when customers purchase access to the websites Webquest
10 | promotes. On information and belief, Webquest handles all interactions with
11 | the payment processors, receives net monies from exploitation of the sites and
12 | then shares those net revenues with its contracting providers.

13 | 23. On information and belief, Webquest promotes its websites
14 | through a marketing, traffic and affiliate program known as "Cold Hard Cash,"
15 | www.coldhardcash.com. The Cold Hard Cash website lists Lapiedra's new
16 | site, www.ilovelupe.com at the top of its list of featured sites of the Cold Hard
17 | Cash marketing program.

18 | 24. On information and belief, Seinfeld obtained master copies of
19 | numerous videos featuring Lapiedra that belong exclusively to Samson and
20 | which were legally available only on the secure members' area of
21 | www.littlelupe.com. As legally displayed on www.littlelupe.com, these videos
22 | bear the copyright information "Little Lupe." On information and belief,
23 | Seinfeld, Webquest or both of them placed new false copyright information, "I
24 | Love Lupe," on the master Samson videos obtained by Seinfeld. On
25 | information and belief, Seinfeld provided the stolen videos with the false
26 | copyright information to Webquest, which copied, uploaded, displayed and
27 | distributed the stolen videos on www.ilovelupe.com.

28 |

Complaint

- 5 -

25.     On information and belief, the stolen Samson videos comprised the vast majority of the total number of videos featured on the www.ilovelupe.com site.  Of less than fifty videos, the stolen Samson videos were numbered 7-35 and 37-39 (the "Infringing Videos").

26.     For a number of years Paolo employed Chris Rogers, or "Evil Chris," to direct marketing activities for Teen Revenue.  Rogers was intimately familiar with the websites marketed through Teen Revenue, particularly www.littlelupe.com.

27.     Recently, on information and belief, Chris Rogers became employed by Webquest.  Rogers uploaded a post on a popular adult entertainment blog, gfy.com, promoting www.ilovelupe.com.  Rogers bragged that the "new ilovelupe.com site 'include[es] her historical content.'"  On information and belief, Rogers, and therefore Webquest, knew that the "historical content" referred to was the only other source of adult videos featuring Lapiedra, www.littlelupe.com.

28.     On information and belief, www.ilovelupe.com has gained substantial popularity, and profit, largely through the draw of the Infringing Videos.

29.     On information and belief, Webquest has contracted with Netbilling and Local Billing to provide billing services to Webquest and to the public wishing to pay for access to www.ilovelupe.com.  On information and belief, Netbilling and Local Billing each earn substantial fees for managing the stream of revenue from www.ilovelupe.com, which revenue is largely attributable to the draw of the Infringing Videos.

### The Infringing Marketing Campaign

30.     On information and belief, Seinfeld and/or Webquest send mass marketing emails promoting www.ilovelupe.com.  Those emails have included statements that "Lupe is proud to be partners with Webquest and the Cold Hard

1  Cash affiliate program." Those emails have also said: "Her very first website,
2  littlelupe.com, was wildly successful with fans and affiliates."

3      31.     On information and belief, in addition to promoting
4  www.ilovelupe.com through the draw of the Infringing Videos, Seinfeld and his
5  "partner," Webquest, promoted Lapiedra and www.ilovelupe.com with copious
6  use of the "Little Lupe" mark and references to www.littlelupe.com as
7  Lapiedra's site. On information and belief, they have referred to Lapiedra as
8  "Little Lupe" in marketing materials in public appearances. Lapiedra has made
9  prominent appearances on Howard Stern's show as "Little Lupe." Use of the
10 term "Little Lupe" on www.howardstern.com elicits links to numerous
11 references to Lapiedra as "Little Lupe" and her appearances on Howard Stern's
12 program.

13     32.     The home page for www.ilovelupe.com says: "Welcome to the all-
14 new official site for me, Lupe Fuentes, formerly known as Little Lupe."

### First Claim for Relief

### Copyright Infringement (Direct)

### Against Seinfeld, Lupe Fuentes, LLC, Webquest and Does 1-5

18     33.     Samson incorporates into this Claim for Relief the averments of
19 Paragraphs 1 through 32 above.

20     34.     Samson is the owner of all right, title and interest in and to the
21 Infringing Videos.

22     35.     On or around July 7, 2010 Samson applied to the Copyright Office
23 for registration separately for each of the Infringing Videos, and obtained
24 confirmation of such applications from the Copyright Office. Samson is
25 currently awaiting the formal certificates of registration from the Copyright
26 Office.

27     36.     On information and belief, Seinfeld, Lupe Fuentes, LLC,
28 Webquest and Does 1-5 have interfered with Samson's exclusive rights in the

1 Infringing Videos by copying, displaying and distributing the Infringing Videos

2 through www.ilovelupe.com.

3   37.   As a result of this infringing conduct, Samson is entitled to recover

4 all actual damages suffered as a result of the infringement, and profits of the

5 defendants attributable to the infringing conduct.

6   **Second Claim for Relief**

7   **Copyright Infringement (Inducing Infringement)**

8   **Against Seinfeld, Lupe Fuentes, LLC, Webquest and Does 1-5**

9   38.   Samson incorporates into this Claim for Relief the averments of

10 Paragraphs 1 through 37 above.

11   39.   On information and belief, in addition, or as an alternative, to

12 direct copyright infringement, Seinfeld, Lupe Fuentes, LLC, Webquest and

13 Does 1-5 have induced one another to engage in the infringing activities alleged

14 herein.

15   40.   As a result of this infringing conduct, Samson is entitled to recover

16 all actual damages suffered as a result of the infringement, and profits of the

17 defendants attributable to the infringing conduct.

18   **Third Claim for Relief**

19   **Copyright Infringement (Contributory Infringement)**

20   **Against Seinfeld, Lupe Fuentes, LLC, Webquest and Does 1-5**

21   41.   Samson incorporates into this Claim for Relief the averments of

22 Paragraphs 1 through 37 above.

23   42.   On information and belief, in addition, or as an alternative, to

24 direct copyright infringement, Seinfeld, Lupe Fuentes, LLC, Webquest and

25 Does 1-5 have, with actual or constructive knowledge of the infringing nature

26 of the actions of the direct infringers, materially contributed to such activities.

27

28

1   43.     As a result of this infringing conduct, Samson is entitled to recover

2   all actual damages suffered as a result of the infringement, and profits of the

3   defendants attributable to the infringing conduct.

4   **Fourth Claim for Relief**

5   **Copyright Infringement (Vicarious Infringement)**

6   **Against Netbilling, Local Billing and Does 6-10**

7   44.     Samson incorporates into this Claim for Relief the averments of

8   Paragraphs 1 through 37 above.

9   45.     On information and belief, Netbilling, Local Billing and Does 6-10

10  have the right and ability to supervise, and directly benefit from, the direct

11  infringing activities alleged herein.

12  46.     As a result of this infringing conduct, Samson is entitled to recover

13  all actual damages suffered as a result of the infringement, and profits of the

14  defendants attributable to the infringing conduct.

15  **Fifth Claim for Relief**

16  **False Copyright Management Information (17 U.S.C. § 1202)**

17  **Seinfeld, Lupe Fuentes, LLC, Webquest and Does 1-5**

18  47.     Samson incorporates into this Claim for Relief the averments of

19  Paragraphs 1 through 37 above.

20  48.     On information and belief, Seinfeld, Lupe Fuentes, LLC,

21  Webquest and Does 1-5 have knowingly, and with the intent to induce, enable,

22  facilitate or conceal infringement, provided copyright management information

23  that is false, or distributed copyright management information that is false.

24  49.     As a result of this infringing conduct, Samson is entitled to recover

25  all actual damages suffered as a result of this activity, and profits of the

26  defendants attributable to this activity.

27

28

1    50.    In the alternative, Samson is entitled to an award of statutory

2  damages for each violation in the sum of not less than $2,500 or more than

3  $25,000.

4    51.    As a result of these actions, Samson is entitled to an award of

5  reasonable attorneys' fees.

### Sixth Claim for Relief

### Violation of 15 USC § 1125(a)

### Seinfeld, Lupe Fuentes, LLC, Webquest and Does 1-5

9    52.    Samson incorporates into this Claim for Relief the averments of

10  Paragraphs 1 through 37 above.

11    53.    By the above actions, Seinfeld, Lupe Fuentes, LLC, Webquest and

12  Does 1-5 have attempted to confuse the public into believing the their new

13  website, www.ilovelupe.com, originates from or is sponsored or approved by

14  Samson and/or its website www.littlelupe.com.  Defendants have attempted to

15  create a confusing association between their website and the goodwill

16  associated with Samson's famous work, Little Lupe.  Defendants have

17  attempted to confuse the public into believing that www.littlelupe.com is

18  associated with or sponsored by the owners of www.ilovelupe.com.

19    54.    Additionally, Defendants have engaged in "reverse passing off" by

20  taking content that may only lawfully be displayed and distributed through

21  www.littlelupe.com and instead passing it off as content associated with

22  www.ilovelupe.com and which may be lawfully displayed and distributed

23  through that website.  Defendants have accomplished this by means including

24  re-branding videos lawfully available only on www.littlelupe.com as videos that

25  are sponsored by or associated with www.ilovelupe.com

26    55.    As a result of this infringing conduct, Samson is entitled to recover

27  all actual damages suffered as a result Defendants' unlawful conduct, as well as

28  disgorgement of all profits of the Defendants derived therefrom.

1    56.    Samson is entitled to an award trebling its damages.

2    57.    Samson is entitled to reasonable attorneys' fees.

3                          **PRAYER FOR RELIEF**

4    WHEREFORE, Samson prays for the following relief:

5    A.    An award of actual damages in favor of Samson, in an amount to

6    be proven at time of trial, in no event less than $1 million.

7    B.    Disgorgement of Defendants' profits attributable to their unlawful

8    conduct, in an amount to be proven at time of trial, in no event less than $1

9    million.

10    C.    An order trebling Samson's actual damages.

11    D.    Statutory damages for each violation of 17 USC § 1202 in the sum

12    of not less than $2,500 or more than $25,000.

13    E.    An award of Plaintiff's reasonable attorneys' fees and litigation

14    costs.

15    F.    Such other and further relief as may be warranted by the evidence

16    and which this Court may deem just and proper.

17

18    DATED:  August 17, 2010          SPILLANE WEINGARTEN LLP

19

20

21                              By: _____

22                                      Jay M. Spillane

                                Attorneys for Plaintiff Samson Investments,
23                              AVV

24

25

26

27

28

Complaint

- 11 -

1

## JURY DEMAND

2    Samson demands trial by jury.

3

4    DATED:   August 17, 2010          SPILLANE WEINGARTEN LLP

5

6

7          By: _____

8                    Jay M. Spillane
           Attorneys for Plaintiff Samson Investments,
9          AVV

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint

- 12 -