UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SAMSON INVESTMENTS,<br><br>    Plaintiff(s),<br><br>vs.<br><br>EVAN SEINFELD, et al.,<br><br>    Defendant(s).<br>_____ | Case No.  CV 10-6178 CAS (AGRx)<br><br><br>NOTICE TO COUNSEL |

This case has been assigned to the calendar of Judge Christina A. Snyder.  This Notice to Counsel shall be to all parties appearing in propria persona, and for purposes of this notice, the term "counsel" shall include any person appearing in pro per.

Counsel are advised that the Court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure.  Copies of the Local Rules may be purchased from one of the following:

| Los Angeles Daily Journal<br>915 E. 1st Street<br>Los Angeles, CA 90012 | Metropolitan News<br>210 South Spring St.<br>Los Angeles, CA 90012 | West Group<br>610 Opperman Drive<br>Egan, Minnesota 55123 |
|---|---|---|

The Local Rules may also be found on the United States District Court's website at the following address:

HTTP://WWW.CACD.USCOURTS.GOV.  Please note that certain of the

1  Local Rules have recently been amended or are now in the process of being
2  amended.
3      The attention of counsel is particularly directed to Local Rules 16 and
4  26 for the conduct of mandatory pretrial and settlement proceedings.
5      Counsel are reminded of their obligations to disclose information and
6  confer on a discovery plan not later than 21 days prior to the date of the Fed.
7  R. Civ. P. 16(b) scheduling conference and to report to the Court not later
8  than 14 days after they confer on a discovery plan and the other matters
9  required by Fed. R. Civ. P. 26(f) and the Local Rules of this Court.  The
10 following issues will be considered at the scheduling conference:  the last
11 date by which parties and claims fore relief may be added, the discovery
12 cutoff, as well as any issues relating to the discovery plan, the last date for
13 filing motions, the time for the pretrial conference and the trial date.
14 Scheduling conferences are generally held on Monday at 11:00 a.m.
15     Counsel should also be guided by the following requirements when
16 litigating cases assigned to Judge Snyder:
17     1.    INTERROGATORIES: Refer to the Local Rules.
18     2.    MOTIONS: Motions shall be heard on each Monday of the
19 month at 10:00 a.m., unless otherwise ordered by the Court.  If Monday is a
20 national holiday, the succeeding Monday shall be the motion day and all
21 matters noticed for such Monday stand for hearing on the following Monday
22 without special order or notice.  The Court provides oral or written tentative
23 rulings on most motions.  Counsel are encouraged to direct oral argument to
24 the matters raised in the tentative ruling and to submit to any part of the
25 ruling that is not in genuine dispute, where appropriate.  The Court will
26 notify counsel if it does not require oral argument on any specific motion.
27     Motion papers should comply with the Local Rules.  Briefs should not
28 exceed the page limits authorized by the Local Rules.  The Court will rarely

grant leave to file briefs that exceed the authorized page limits. Counsel are admonished not to circumvent page limits by filing multiple motions which purport to address separate issues in a case. Such motions will not be considered unless counsel obtains leave to file more than one motion or to file a brief that exceeds the page limits authorized by the Local Rules.

  3. EX PARTE APPLICATIONS:

    A. NOTICE: The parties' and counsels' attention is directed to Local Rule 7-19. The moving party shall inform the opposing party or parties that such party or parties shall have 48 hours from the date of delivery of the moving papers to file and serve their opposition papers, if any.

    B. HEARING: No hearing will be held on any ex parte application unless deemed necessary by the Court and in such case counsel will be notified by the Courtroom Deputy Clerk.

  4. DISCOVERY CUTOFF: Generally, the Court will set a discovery cutoff date at the scheduling conference. The Court expects that by the date of the discovery cutoff, all discovery and responses thereto shall have been served, and all motions to compel will be on file and have been argued (but not necessarily decided). The only discovery that may be conducted after the discovery cutoff date without leave of Court is discovery ordered by the Magistrate Judge for which a timely-filed motion was pending and argued before the discovery cutoff date. Unless the Court has issued a contrary order, all discovery motions should be set before the Magistrate Judge to whom this case is assigned.

  5. COURTESY COPIES: Counsel shall deliver conformed courtesy copies of all filed motions, responses, and replies in motion matters to Judge Snyder's chambers. Courtesy copies of motions and oppositions thereto shall be delivered to chambers in conformity with the Local Rules relating to electronic filing. However, the Court requires that courtesy copies of reply

memoranda be delivered to chambers no later than 12:00 p.m. on the first court day following the date when reply memoranda are required to be filed. **Furthermore, mandatory copies shall be 2-hole punched and the efile notification date shall be <u>visible</u> on or as the first page**. Moreover, in all cases asserting claims under the antitrust laws, the patent laws or federal securities laws, and in such specific cases as may be designated by the Court, counsel must deliver to chambers two (2) courtesy copies of all documents that are electronically filed.

      6.    CONTINUANCES: Continuances will only be granted based upon a showing of good cause. Stipulations, including second and subsequent extensions of time to respond to the complaint, are effective ONLY when approved by the Court. (See Local Rule 16-8).

      7.    REQUEST FOR CONFORMED COPY: If a party presenting a document for filing requests the Clerk to return a conformed copy by United States Mail, an extra copy shall be submitted by the party for that purpose accompanied by a postage paid, self-addressed envelope. (See Local Rule 11-4.5).

      8.    REMOVED ACTIONS: Any answers filed in state court must be refiled with the Court as a supplement to the petition. Any pending motions must be renoticed in accordance with Local Rule 37-3.

      9.    TELEPHONIC HEARINGS: Judge Snyder will permit oral argument on calendared motions to be heard telephonically if (a) all involved parties consent to the telephone hearing, (b) the parties anticipate presenting limited argument, and (c) the Court's calendar permits such telephonic oral argument to be heard. Arrangements for telephonic hearings must be made by communicating in writing or by telephone with Judge Snyder's Courtroom Deputy Clerk, Catherine Jeang.

      The Courtroom Deputy Clerk must be notified by the moving party of

all counsels' intention to participate in a telephonic hearing by the Wednesday prior to the Monday hearing date.

The telephonic hearing will be scheduled at a time convenient for the Court and the parties, on the Monday originally scheduled for the hearing of the motion pursuant to the Federal Rules of Civil Procedure and the Local Rules.  The party bringing the motion will initiate the conference call, and when all counsel are present on the line, will contact the Court.  Callers will hold on the line until their motion is ready to be heard, at which time they will be connected with the Court, the case will be called, and the telephonic hearing will commence.

10. COMMUNICATIONS WITH THE COURT:  Unless counsel have been expressly authorized to communicate with chambers (e. g., for a telephone status conference with all counsel participating), all oral and written communications must be submitted only to the Courtroom Deputy, Catherine Jeang with copies to all counsel of record.  Please do not attempt to communicate in writing or by telephone with chambers.  (See Local Rule 83-2.11).

11. NOTICE OF THIS ORDER: Counsel for plaintiff is responsible for promptly serving a copy of this Order on all defendants' counsel.  If this case came to the Court via removal, the removing defendant shall promptly serve a copy of this Order on all parties of record.

Date: September 2, 2010

_____
CHRISTINA A. SNYDER
United States District Judge