DAVID P. BEITCHMAN, SBN 198953
dbeitchman@bzlegal.com
TODD E. CHVAT, SBN 238282
tchvat@bzlegal.com
**BEITCHMAN & ZEKIAN, P.C.**
16130 VENTURA BLVD., SUITE 570
ENCINO, CALIFORNIA 91436
TELEPHONE: (818) 986-9100
FACSIMILE:  (818) 986-9119

Attorneys for Defendants' EVAN SEINFELD, LUPE FUENTES, LLC, and WEBQUEST, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSON INVESTMENTS, AVV, a Netherlands Antilles company, <br><br> Plaintiff, <br><br> vs. <br><br> EVAN SEINFELD, an individual; LUPE FUENTES, LLC, a California limited liability company; WEBQUEST, INC., a California corporation; NETBILLING, INC., a California Corporation; LOCAL BILLING, LLC, a California limited liability company; and Does 1-10, inclusive. <br><br> Defendants. | **Case No. 10-CV-6178- CAS (AGRx)** <br><br> **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** <br><br> **[DEMAND FOR JURY TRIAL]** <br><br> (filed in conjunction with Defendant Lupe Fuentes, LLC's Counter-Claim against Samson Investments, AVV) |

/ / /

/ / /

---

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1

DEFENDANTS EVAN SEINFELD, LUPE FUENTES, LLC, and WEBQUEST, INC. (hereinafter collectively known as "DEFENDANTS"), by and through the undersigned counsel, hereby respond to Plaintiff's Complaint as follows:

1. DEFENDANTS admit the truth of the allegations contained in this paragraph.

2. DEFENDANTS admit the truth of the allegations that one or more of the Defendants reside in this District. DEFENDANTS lack sufficient information and/or knowledge to admit or deny the remaining allegations contained in this paragraph and demand strict proof thereof.

3. DEFENDANTS lack sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demand strict proof thereof.

4. DEFENDANTS admit the truth of the allegations contained in this paragraph.

5. DEFENDANTS admit the truth of the allegations contained in this paragraph.

6. DEFENDANTS admit the truth of the allegations contained in this paragraph.

7. DEFENDANTS lack sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demand strict proof thereof.

8. DEFENDANTS lack sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demand strict proof thereof.

9. DEFENDANTS lack sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demand strict proof thereof.

10. DEFENDANTS lack sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demand strict proof thereof.

11. DEFENDANTS lack sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

1    12.  DEFENDANTS deny the truth of the allegations contained in this paragraph
2 and demand strict proof thereof.
3    13.  DEFENDANTS deny the truth of the allegations contained in this paragraph
4 and demand strict proof thereof.
5    14.  DEFENDANTS deny the truth of the allegations contained in this paragraph
6 and demand strict proof thereof.
7    15.  DEFENDANTS admit the truth of the allegations contained in this
8 paragraph.
9    16.  DEFENDANTS deny the truth of the allegations contained in this paragraph
10 and demand strict proof thereof.
11    17.  DEFENDANTS deny the truth of the allegations contained in this paragraph
12 and demand strict proof thereof.
13    18.  DEFENDANTS deny the truth of the allegations contained in this paragraph
14 and demand strict proof thereof.
15    19.  DEFENDANTS deny the truth of the allegations contained in this paragraph
16 and demand strict proof thereof.
17    20.  DEFENDANTS deny the truth of the allegations contained in this paragraph
18 and demand strict proof thereof.
19    21.  DEFENDANTS deny the truth of the allegations contained in this paragraph
20 and demand strict proof thereof.
21    22.  DEFENDANTS deny the truth of the allegations contained in this paragraph
22 and demand strict proof thereof.
23    23.  DEFENDANTS deny the truth of the allegations contained in this paragraph
24 and demand strict proof thereof.
25    24.  DEFENDANTS deny the truth of the allegations contained in this paragraph
26 and demand strict proof thereof.
27
28

25. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

26. DEFENDANTS lack sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demand strict proof thereof.

27. DEFENDANTS lack sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demand strict proof thereof.

28. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

29. DEFENDANTS admit the truth of the allegations that Webquest has contracted with Netbilling/Local Billing to provide billing services to Webquest. DEFENDANTS lack sufficient information and/or knowledge to admit or deny the remaining allegations contained in this paragraph and demand strict proof thereof.

30. DEFENDANTS lack sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demand strict proof thereof.

31. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

32. DEFENDANTS admit the truth of the allegations contained in this paragraph.

33. DEFENDANTS incorporate by this reference each and every response set forth above to paragraphs 1 through 32, inclusive, as though fully set forth herein.

34. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

35. DEFENDANTS lack sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demand strict proof thereof.

36. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

37. DEFENDANTS deny the truth and allegations contained in this paragraph and demand strict proof thereof.

38. DEFENDANTS incorporate by this reference each and every response set forth above to paragraphs 1 through 37, inclusive, as though fully set forth herein.

39. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

40. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

41. DEFENDANTS incorporate by this reference each and every response set forth above to paragraphs 1 through 37, inclusive, as though fully set forth herein.

42. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

43. DEFENDANTS deny the truth of the allegations contained in this paragraph and demands strict proof thereof.

44. DEFENDANTS incorporate by this reference each and every response set forth above to paragraphs 1 through 37, inclusive, as though fully set forth herein.

45. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

46. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

47. DEFENDANTS incorporate by this reference each and every response set forth above to paragraphs 1 through 37, inclusive, as though fully set forth herein.

48. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

49. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

50. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

51. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

52. DEFENDANTS incorporate by this reference each and every response set forth above to paragraphs 1 through 37, inclusive, as though fully set forth herein.

53. DEFENDANTS deny the truth of the allegation contained in this paragraph and demand strict proof thereof.

54. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

55. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

56. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

57. DEFENDANTS deny the truth of the allegations contained in this paragraph and demand strict proof thereof.

WHEREFORE, DEFENDANTS prays that Plaintiff take nothing upon trial and that DEFENDANTS be awarded its costs and attorney's fees and/or such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to the Complaint, and to each purported cause of action asserted therein, DEFENDANTS allege:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim for Relief)

DEFENDANTS are informed and believe and thereon allege that Plaintiff's Complaint, and each purported Claim for Relief therein, fails to state sufficient facts to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff has failed to take adequate steps to minimize, alter, reduce or otherwise diminish its damages, if any, with respect to the matters alleged in the Complaint, and by reason of the foregoing, Plaintiff is barred from the recovery of damages.

## THIRD AFFIRMATIVE DEFENSE
### (Uncertainty)

The Complaint and each purported Claim for Relief asserted therein is uncertain.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

DEFENDANTS are informed and believe and thereon allege that Plaintiff is, by its own conduct and omissions, barred from asserting any claims or damages or from seeking other relief from DEFENDANTS by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

DEFENDANTS are informed and believe and thereon allege that Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

DEFENDANTS are informed and believe and thereon allege that Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

DEFENDANTS are informed and believe and thereon allege that Plaintiff, by its actions and/or omissions, knowingly, voluntarily and willingly waived any rights it might otherwise have by the doctrine of waiver.

///

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

DEFENDANTS are informed and believe and thereon allege that by virtue of Plaintiff's unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiff should be barred from recovering against DEFENDANTS by the equitable doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Invalid and Unenforceable Trademarks and/or Copyrights)

DEFENDANTS are informed and believe and thereon allege that the Trademarks and/or Copyrights alleged to exist in the Complaint are invalid and/or are unenforceable.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

DEFENDANTS are informed and believe and thereon allege that Plaintiff's Complaint, and each cause of action set forth therein, is barred in whole or in part, because Plaintiff lacks standing to assert them.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Facts Alleged Entitling Plaintiff to Attorney's Fees, Statutory Fees or Costs)

DEFENDANTS are informed and believe and thereon allege that Plaintiff has not alleged facts, and DEFENDANTS have not engaged in the type of conduct, which would entitle it to an award of attorney's fees, statutory fees and/or costs.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Infringement)

DEFENDANTS are informed and believe and thereon allege that Plaintiff's claims are barred or limited, in whole or in part, because DEFENDANTS have not engaged in any unlawful or unfair conduct and have not engaged in any infringing acts with regard to Plaintiff's alleged Trademarks and/or Copyrights.

/ / /

### THIRTEENTH AFFIRMATIVE DEFENSE
(Lack of Ownership)

DEFENDANTS are informed and believe and thereon allege that Plaintiff's claims are barred or limited, in whole or in part, because Plaintiff is not the legal or equitable owner of the Trademarks and/or Copyrights set forth in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Fair/Authorized Use)

DEFENDANTS are informed and believe and thereon allege that Plaintiff's claims are barred or limited, in whole or in part, because DEFENDANTS use of the Trademarks and/or Copyrights, if any, was a fair use or the same were used with authorization, permission and/or license.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Good Faith)

DEFENDANTS are informed and believe and thereon allege that Plaintiff's claims are barred or limited, in whole or in part, because DEFENDANTS' conduct was at all times undertaken in good faith.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Adequate Remedy at Law)

DEFENDANTS are informed and believe and thereon allege that Plaintiff is not entitled to equitable or injunctive relief because Plaintiff has an adequate remedy at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(No Legal Causation)

DEFENDANTS are informed and believe and thereon allege that at all times mentioned in Plaintiff's Complaint, DEFENDANTS' acts were not a legal cause of damages, if any, to Plaintiff.

/ / /

/ / /

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Damages Cannot be Determined)

DEFENDANTS are informed and believe and thereon allege that the damages, if any, of Plaintiff, are speculative, uncertain and not capable of being determined by a finder of fact.

## NINETEENTH AFFIRMATIVE DEFENSE

(Indemnity)

DEFENDANTS are informed and believe and thereon allege that if Plaintiff is entitled to recover from DEFENDANTS under any basis of law or equity on any of the purported causes of action contained in the Complaint, then as a result of their actions and/or omissions such recovery against DEFENDANTS shall be indemnified by the other DEFENDANTS named in the Complaint or unnamed third parties.

## TWENTIETH AFFIRMATIVE DEFENSE

(Contribution)

DEFENDANTS are informed and believe and thereon allege that in the event a finding is made that DEFENDANTS are at fault in any manner or to any degree, the amount of recovery, if any, should be reduced on the basis of comparative fault and/or contributory negligence of the Plaintiffs and/or the other DEFENDANTS named in the Complaint or unnamed third parties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Offset)

DEFENDANTS are informed and believe and thereon allege that Plaintiff's recovery, if any, under the Complaint must be reduced in an amount equal to the claims that DEFENDANTS had and/or have against Plaintiff. Thus, the Complaint, and any recovery by Plaintiff in connection therewith, is subject to offset with respect to any and all claims which DEFENDANTS have against Plaintiff arising out of the relationship between the parties for which Plaintiff now seeks recovery.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Copyright Misuse)

DEFENDANTS are informed and believe and thereon allege that Plaintiff's claims are barred or limited, in whole or in part, as a result of Plaintiff's misuse of the alleged copyrights set forth in the Complaint.

## TWENTRY-THIRD AFFIRMATIVE DEFENSE

(Doctrine of Acquiescence)

DEFENDANTS are informed and believe and thereon allege that Plaintiff's claims are barred or limited, in whole or in part, by the doctrine of acquiescence.

## TWENTY-FOURTH AFFIRAMTIVE DEFENSE

(Reservation of Additional Affirmative Defenses)

DEFENDANTS are informed and believe and thereon allege that they may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize its claims with regard to these answering DEFENDANTS and failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiffs alleges that DEFENDANTS may have some responsibility. DEFENDANTS therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of documents, upon discovery of further information concerning the alleged damage claims, and upon the development of any other pertinent information.

WHEREFORE, DEFENDANTS pray for judgment as follows:

1. That Plaintiff take nothing by way of its Complaint and that the Complaint be dismissed with prejudice;
2. That judgment be entered in favor of DEFENDANTS and against Plaintiff;
3. For costs of suit incurred herein; and
4. For such other relief as the Court may deem just and proper.

1  DATED: September 23, 2010        **BEITCHMAN & ZEKIAN, P.C.**

_____
Todd E. Chvat,
Attorneys for Defendants
EVAN SEINFELD, LUPE FUENTES,
LLC, and WEBQUEST, INC.

## Proof of Service

I, the undersigned, declare and say as follows:

I am 18 years of age or older, employed at the business noted above my signature which is in the county where any mailing herein stated occurred, and not a party to the within action.

On September 24, 2010, I caused to be served the document(s) listed below my signature under the heading "Document(s) Served" by placing a copy of the document(s) (or the original, if so noted below) in individual envelopes for each of the parties listed below my signature under the heading "Parties Served" (except for fax-only service), addressed to them at their last known addresses in this action exactly as shown (excepting parenthetical references to their capacity), there being U.S. Mail delivery service to those addresses used for service by mail, and by sealing said envelopes, and on the same day, as marked with "X," by --

[ **X** ] **placing** each envelope **for collection and processing for mailing** following my firm's ordinary business practice with which I am readily familiar and under which on the same day correspondence is so placed for mailing it is deposited in the ordinary course of business with the U.S. Postal Service at my business address, 1st-class postage fully prepaid.

[ _ ] **depositing** each envelope **into the U.S. mail** with 1st-class postage fully prepaid at a mail box or collection facility in the city and state of my business address. "Parties Served" lists all parties and counsel served in the within matter, and their respective capacities. [required for federal cases, **including bankruptcy**, among others]

[ ] **faxing** each page of each document and this proof of service to the parties served at their last known fax numbers as listed below from a fax machine located at my business address which reported no errors and which produced a transmission confirmation report, a true copy of which is attached hereto. [use only if fax service authorized or as a supplement.]

[ _ ] depositing each envelope at a drop box or other facility in the city and state of my business address within the time and pursuant to procedures readily familiar to me necessary for delivery [_] by **Federal Express** on the morning of the next business day or [_] by **courier** on the same day. [use only if overnight or courier service authorized or as a supplement.]

[ _ ] **personal delivery** by [_] traveling to the address shown on the envelope and delivering it there during normal business hours or [_] handing the documents to the person served.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on September 24, 2010 at my business address, 16130 Ventura Blvd., Suite 570, Encino, California 91436, in the County of Los Angeles.

_____
/Sylvia Mesropyan/

**Document(s) Served (exact title)**

**DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

**Parties Served (exact envelope address)**

Jay M. Spillane, Esq.

SPILLANE WEINGARTEN LLP

1100 Glendon Avenue, Suite 1200

Los Angeles, CA 90024