SPILLANE WEINGARTEN LLP
Jay M. Spillane (Bar No. 126364)
jspillane@spillaneweingarten.com
Eric Carlson (Bar No. 193401)
ecarlson@spillaneweingarten.com
1100 Glendon Avenue, Suite 1200
Los Angeles, California 90024
(310) 229-9300
(310) 229-9380 (fax)

Attorneys for Plaintiff Samson Investments, AVV

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SAMSON INVESTMENTS, AVV, a Netherlands Antilles company,

Plaintiff,

vs.

EVAN SEINFELD, an individual; LUPE FUENTES, LLC, a California limited liability company; WEBQUEST, INC. a California corporation; NETBILLING, INC., a California corporation; LOCAL BILLING, LLC, a California limited liability company; and Does 1-10, inclusive,

Defendants.

AND RELATED COUNTERCLAIM

Case No. CV 10 6178 CAS (AGRx)

**PLAINTIFF SAMSON INVESTMENTS, AVV'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF DEFENDANT LUPE FUENTES, LLC**

Plaintiff Samson Investments, AVV ("Samson"), hereby answers the Counterclaim of Defendant Lupe Fuentes, LLC ("Counterclaim") as follows:

THE PARTIES

1. In response to paragraph 1 of the Counterclaim, Samson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. In response to paragraph 2 of the Counterclaim, Samson admits it is and at all times herein mentioned was a Netherlands Antilles company. Except as so admitted, Samson denies each and every allegation contained in this paragraph.

3. In response to paragraph 3 of the Counterclaim, Samson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. In response to paragraph 4 of the Counterclaim, Samson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. In response to paragraph 5 of the Counterclaim, Samson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. In response to paragraph 6 of the Counterclaim, Samson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

JURISDICTION

7. In response to paragraph 7 of the Counterclaim, Samson admits all of the allegations contained therein.

8. In response to paragraph 8 of the Counterclaim, Samson admits all of the allegations contained therein.

PRELIMINARY ALLEGATIONS

9. In response to paragraph 9 of the Counterclaim, Samson admits that in late 2006, Ms. Vergara entered into a Modeling Services Agreement with First Choice Management and/or Venus Management. Except as so admitted, Samson denies each and every allegation contained in this paragraph.

10. In response to paragraph 10 of the Counterclaim, Samson admits Ms. Vergara was to be paid $30,000.00 for her services under the Modeling Services Agreement, and that part of her services entailed acting in thirty (30) scenes of adult videos. Except as so admitted, Samson denies each and every allegation contained in this paragraph.

11. In response to paragraph 11 of the Counterclaim, Samson admits Ms. Vergara was paid $30,000.00 for her services under the Modeling Services Agreement, and that part of her services entailed acting in thirty (30) scenes of adult videos. Except as so admitted, Samson denies each and every allegation contained in this paragraph.

12. In response to paragraph 12 of the Counterclaim, Samson admits all of the allegations contained therein.

13. In response to paragraph 13 of the Counterclaim, Samson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. In response to paragraph 14 of the Counterclaim, Samson is without sufficient knowledge or information to form a belief as to the truth of

the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. In response to paragraph 15 of the Counterclaim, Samson denies each and every allegation contained therein.

16. In response to paragraph 16 of the Counterclaim, Samson denies each and every allegation contained therein.

17. In response to paragraph 17 of the Counterclaim, Samson denies each and every allegation contained therein.

18. In response to paragraph 18 of the Counterclaim, Samson admits Ms. Vergara is 4'9" tall and weighs approximately 80 pounds. Except as so admitted, Samson denies each and every allegation contained in this paragraph.

19. In response to paragraph 19 of the Counterclaim, Samson denies each and every allegation contained therein.

20. In response to paragraph 20 of the Counterclaim, Samson denies each and every allegation contained therein.

21. In response to paragraph 21 of the Counterclaim, Samson denies each and every allegation contained therein.

22. In response to paragraph 22 of the Counterclaim, Samson denies each and every allegation contained therein.

23. In response to paragraph 23 of the Counterclaim, Samson denies each and every allegation contained therein.

24. In response to paragraph 24 of the Counterclaim, Samson denies each and every allegation contained therein.

25. In response to paragraph 25 of the Counterclaim, Samson admits that the Modeling Services Agreement requires Ms. Vergara to refrain from shooting or appearing in any other adult related content not affiliated with First Choice Management and/or Venus Management for eighteen (18) months.

Except as so admitted, Samson denies each and every allegation contained in this paragraph.

26. In response to paragraph 26 of the Counterclaim, Samson admits Ms. Vergara agreed to refrain from shooting or appearing in any other adult related content not affiliated with First Choice Management and/or Venus Management for eighteen (18) months. Except as so admitted, Samson denies each and every allegation contained in this paragraph.

27. In response to paragraph 27 of the Counterclaim, Samson denies each and every allegation contained therein.

28. In response to paragraph 28 of the Counterclaim, Samson denies each and every allegation contained therein.

29. In response to paragraph 29 of the Counterclaim, Samson admits Ms. Vergara was free to shoot or appear in any other adult related content not affiliated with First Choice Management and/or Venus Management after the eighteen (18) months called for in the Modeling Services Agreement expired. Except as so admitted, Samson denies each and every allegation contained in this paragraph.

30. In response to paragraph 30 of the Counterclaim, Samson denies each and every allegation contained therein.

31. In response to paragraph 31 of the Counterclaim, Samson denies each and every allegation contained therein.

32. In response to paragraph 32 of the Counterclaim, Samson denies each and every allegation contained therein.

33. In response to paragraph 33 of the Counterclaim, Samson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

34. In response to paragraph 34 of the Counterclaim, Samson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35. In response to paragraph 35 of the Counterclaim, Samson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

36. In response to paragraph 36 of the Counterclaim, Samson is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Lupe Fuentes, LLC's reasoning for purporting to act as it did, and on that basis denies those allegations. Samson denies each and every other allegation contained in paragraph 36.

37. In response to paragraph 37 of the Counterclaim, Samson denies each and every allegation contained therein.

38. In response to paragraph 38 of the Counterclaim, Samson denies each and every allegation contained therein.

39. In response to paragraph 39 of the Counterclaim, Samson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

40. In response to paragraph 40 of the Counterclaim, Samson denies each and every allegation contained therein.

41. In response to paragraph 41 of the Counterclaim, Samson denies each and every allegation contained therein.

FIRST CAUSE OF ACTION

(Declaratory Relief Against all Counter-Defendants)

42. Samson incorporates by reference each and every response set forth above to paragraphs 1 through 41, inclusive, as though fully set forth herein.

43. In response to paragraph 43 of the Counterclaim, Samson denies each and every allegation contained therein.

44. In response to paragraph 44 of the Counterclaim, Samson denies each and every allegation contained therein.

45. In response to paragraph 45 of the Counterclaim, Samson admits all of the allegations contained therein.

46. In response to paragraph 46 of the Counterclaim, Samson denies each and every allegation contained therein.

47. In response to paragraph 47 of the Counterclaim, Samson denies each and every allegation contained therein.

SECOND CAUSE OF ACTION

(Cancellation of Trademark Against all Counter-Defendants)

48. Samson incorporates by reference each and every response set forth above to paragraphs 1 through 47, inclusive, as though fully set forth herein.

49. In response to paragraph 49 of the Counterclaim, Samson admits all of the allegations contained therein.

50. In response to paragraph 50 of the Counterclaim, Samson denies each and every allegation contained therein.

51. In response to paragraph 51 of the Counterclaim, Samson denies each and every allegation contained therein.

52. In response to paragraph 52 of the Counterclaim, Samson denies each and every allegation contained therein.

THIRD CAUSE OF ACTION

(Cyberpiracy in Violation of 15 U.S.C. § 1125(d)

Against all Counter-Defendants)

53. Samson incorporates by reference each and every response set forth above to paragraphs 1 through 52, inclusive, as though fully set forth herein.

54. In response to paragraph 54 of the Counterclaim, Samson admits all of the allegations contained therein.

55. In response to paragraph 55 of the Counterclaim, Samson denies each and every allegation contained therein.

56. In response to paragraph 56 of the Counterclaim, Samson denies each and every allegation contained therein.

57. In response to paragraph 57 of the Counterclaim, Samson denies each and every allegation contained therein.

58. In response to paragraph 58 of the Counterclaim, Samson denies each and every allegation contained therein.

FOURTH CAUSE OF ACTION

(Intentional Interference with Prospective Economic Advantage

Against all Counter-Defendants)

59. Samson incorporates by reference each and every response set forth above to paragraphs 1 through 58, inclusive, as though fully set forth herein.

60. In response to paragraph 60 of the Counterclaim, Samson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

61. In response to paragraph 61 of the Counterclaim, Samson denies each and every allegation contained therein.

62. In response to paragraph 62 of the Counterclaim, Samson denies each and every allegation contained therein.

63. In response to paragraph 63 of the Counterclaim, Samson denies each and every allegation contained therein.

64. In response to paragraph 64 of the Counterclaim, Samson denies each and every allegation contained therein.

65. In response to paragraph 65 of the Counterclaim, Samson denies each and every allegation contained therein.

66. In response to paragraph 66 of the Counterclaim, Samson denies each and every allegation contained therein.

67. In response to paragraph 67 of the Counterclaim, Samson denies each and every allegation contained therein.

Samson denies Defendant/Counterclaimant is entitled to any of the relief sought in its prayer.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to the Counterclaim of Defendant Lupe Fuentes, LLC ("Counterclaim"), and to each purported cause of action asserted therein, Plaintiff Samson Investments, AVV ("Samson") alleges:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Counterclaim, and each and every cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

The Counterclaim, and each and every cause of action contained therein, is barred by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

(Laches)

The Counterclaim, and each and every cause of action contained therein, is barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver)

The Counterclaim, and each and every cause of action contained therein, is barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

(Estoppel)

The Counterclaim, and each and every cause of action contained therein, is barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

(Consent)

The Counterclaim, and each and every cause of action contained therein, is barred by the doctrine of consent.

**SEVENTH AFFIRMATIVE DEFENSE**

(Intervening Causes)

If the allegations of the Counterclaim are true, which Samson denies, then all damages, if any, purportedly suffered by Defendant/Counterclaimant were proximately caused by the intentional and/or reckless acts or omissions of Defendant/Counterclaimant, its agents or persons other than Samson.

**EIGHTH AFFIRMATIVE DEFENSE**

(Contributory Negligence)

If the allegations of the Counterclaim are true, which Samson denies, then all damages, if any, purportedly suffered by Defendant/Counterclaimant

were proximately caused by the negligent acts or omissions of Defendant/Counterclaimant, its agents or representatives.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

The Counterclaim, and each and every cause of action contained therein, is barred by Defendant/Counterclaimant's failure to take reasonable action to mitigate the damages alleged in the Counterclaim.

**TENTH AFFIRMATIVE DEFENSE**

(Causation)

If the allegations of the Counterclaim are true, which Samson denies, then all damages Defendant/Counterclaimant may have sustained were not proximately or actually caused by Samson's conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Uncertainty)

The Counterclaim, and each and every cause of action contained therein, is uncertain.

**TWELFTH AFFIRMATIVE DEFENSE**

(Acts of Third Parties)

If Defendant/Counterclaimant incurred any of the damages alleged in the Counterclaim, which Samson expressly denies, its damages were caused in whole or in part by the conduct of persons or entities other than Samson. In the event that Samson is found liable for any of the damages asserted in the Counterclaim, Samson is entitled to have its liability diminished in proportion to the damages attributable to the culpable conduct of persons or entities other than Samson.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Bad Faith)

Defendant/Counterclaimant is precluded from recovery on any and all of the claims asserted in the Counterclaim by virtue of its bad faith.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(No Damages)

Defendant/Counterclaimant has not suffered any damages as a result of any conduct by Samson.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Privilege)

Samson's acts were privileged, barring Defendant/Counterclaimant's claims.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The Counterclaim and each of its causes of action are barred by the applicable statute of limitations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

The Counterclaim, and each and every cause of action contained therein, is barred in whole or in part because Defendant/Counterclaimant lacks standing to assert such causes of action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(*In Pari Delicto*)

The Counterclaim, and each and every cause of action contained therein, is barred by the doctrine of *in pari delicto*.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Setoff)

Samson has claims against Defendant/Counterclaimant which set off, partially or entirely, the claims of Defendant/Counterclaimant.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Lack of Ownership)

The Counterclaim, and each and every cause of action contained therein, is barred in whole or in part because Defendant/Counterclaimant is not the legal or equitable owner of the Trademarks and/or Copyrights set forth in the Counterclaim.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Fair/Authorized Use)

The Counterclaim, and each and every cause of action contained therein, is barred in whole or in part because Samson's use of the Trademarks was a fair use, or the same were used with authorization, permission or license.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Good Faith)

The Counterclaim, and each and every cause of action contained therein, is barred in whole or in part because Samson's conduct was at all times undertaken in good faith.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

Defendant/Counterclaimant is not entitled to equitable or injunctive relief because Defendant/Counterclaimant has an adequate remedy at law.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Damages Cannot Be Determined)

Defendant/Counterclaimant's damages, if any, are speculative, uncertain and not capable of being determined with reasonable certainty by a finder of fact.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Trademark/Copyright Misuse)

The Counterclaim, and each and every cause of action contained therein, is barred in whole or in part as a result of Defendant/Counterclaimant's misuse of the Trademarks and/or Copyrights set forth in the Counterclaim.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(No Equity)

Defendant/Counterclaimant failed to do equity in the matters alleged in the Counterclaim, and any recovery by Defendant/Counterclaimant must be barred or diminished by reason thereof.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

Defendant/Counterclaimant assumed the risk for the harm and injury, if any, resulting from the matters alleged in the Counterclaim, and any recovery by Defendant/Counterclaimant must be barred or diminished by reason thereof.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Indemnity/Contribution)

To the extent Defendant/Counterclaimant suffered any damages, which Samson denies, Samson is entitled to indemnity and/or contribution from other responsible parties for any amounts found due and owing to Defendant/Counterclaimant.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Doctrine of Acquiescence)

The Counterclaim, and each and every cause of action contained therein, is barred in whole or in part by the doctrine of acquiescence.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Statute of Frauds)

The Counterclaim, and each and every cause of action contained therein, is barred in whole or in part by the statute of frauds.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Misjoinder)

The Counterclaim, and each and every cause of action contained therein, is barred in whole or in part as a result of the misjoinder of parties and/or claims.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Reservation of Rights to Assert Additional Affirmative Defenses)

Samson presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Samson hereby expressly reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, PLAINTIFF SAMSON INVESTMENTS, AVV ("Samson") prays:

A. For judgment in favor of Samson, whereby Defendant Lupe Fuentes, LLC takes nothing by way of its Counterclaim, and that the Counterclaim, and each cause of action in it, be dismissed with prejudice;

B. That Samson be awarded its attorneys' fees and costs of litigation to the extent authorized by law; and

C. For any and all further relief as may be warranted by the evidence, or as the Court considers appropriate, to be in the interest of justice and equity, or otherwise deems just and proper.

DATED: October 19, 2010 SPILLANE WEINGARTEN LLP

By: /s/ ____________________________

Jay M. Spillane
Attorneys for Plaintiff Samson Investments, AVV