SPILLANE WEINGARTEN LLP
Jay M. Spillane (Bar No. 126364)
jspillane@spillaneweingarten.com
Eric Carlson (Bar No. 193401)
ecarlson@spillaneweingarten.com
1100 Glendon Avenue, Suite 1200
Los Angeles, California 90024
(310) 229-9300
(310) 229-9380 (fax)

Attorneys for Plaintiff Samson Investments, AVV

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSON INVESTMENTS, AVV, a Netherlands Antilles company,<br><br>    Plaintiff,<br><br>    vs.<br><br>EVAN SEINFELD, an individual; LUPE FUENTES, LLC, a California limited liability company; WEBQUEST, INC. a California corporation; NETBILLING, INC., a California corporation; LOCAL BILLING, LLC, a California limited liability company; and Does 1-10, inclusive,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV 10 6178 CAS (AGRx)<br><br>**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)** |

1       <u>Jurisdiction and Service</u>.  This Court has subject matter jurisdiction over
2   this action pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, 28
3   U.S.C. §§ 1331 and 1338(a).  This Court also has subject matter jurisdiction
4   over the claims set forth in this Complaint pursuant to the Lanham Act, 15
5   U.S.C. § 1051 *et seq.*, 28 U.S.C. §§ 1331 and 1338(a).  Defendants Evan
6   Seinfeld, Lupe Fuentes, LLC and Webquest, Inc. (collectively, "Defendants")
7   do not contest personal jurisdiction.  No parties remain to be served.
8       <u>Facts</u>. Plaintiff Samson Investments, AVV ("Samson") alleges
9   Defendants, among other things, misappropriated numerous adult entertainment
10  videos starring Zuleydy Piedrahita Vergara, professionally known as "Little
11  Lupe," from its website www.littlelupe.com, changed the copyright markings
12  on those videos, and promoted and posted them on their wrongfully competing
13  and infringing website www.ilovelupe.com.
14      Defendants have counterclaimed, alleging Samson does not own any
15  rights to the trademark "Little Lupe," that any usage of the videos at issue was
16  lawful and done in accordance with the terms of the parties agreement and/or
17  relationship, and that Samson has falsely applied to register the stage name
18  "Little Lupe" with the U.S. Patent and Trademark Office and as it domain
19  address, as well as seeking to interfere with Defendants' relationships with its
20  business partners, payment processors and subscribing members.
21      The primary factual disputes between the parties will be who owns the
22  copyrights to the videos at issue, whether the display of the videos on
23  www.ilovelupe.com was infringing, whether others contributed to or benefited
24  from any alleged infringement with the right or ability to control same, whether
25  Defendants' alleged conduct created a confusing association between
26  www.ilovelupe.com and www.littlelupe.com, who owns or should own the
27  "Little Lupe" trademark, whether Samson registered the domain littlelupe.com
28

JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)

- 1 -

under circumstances that violated any of Defendants' rights, and whether Samson has interfered with Defendants' relations with its payment processors.

Legal Issues.  Samson asserts claims against Defendants for direct copyright infringement, inducing copyright infringement, contributory copyright infringement, providing false copyright management information, and for violation of 15 U.S.C. § 1125(a), by attempting to confuse the public into believing Defendants' website originates from or is sponsored or approved by Samson, creating a confusing association with Samson's goodwill, and by passing off Samson's videos as their own.

Defendants assert claims for declaratory relief, cancellation of trademark, cyberpiracy in violation of 15 U.S.C. § 1125(d) and intentional interference with prospective economic advantage.

Settlement.  Samson has settled with – and has dismissed – one of the payment processing defendants, Netbilling, Inc.  Samson is currently attempting to negotiate a resolution with the other payment processing defendant, Local Billing, LLC, and hopes to have the dismissal on file in advance of the Fed. R. Civ. P. 16 Scheduling Conference.

Samson and Defendants both believe they will need to conduct some discovery before any meaningful settlement discussions can take place.  The parties are amenable to attempting a settlement conference with the Magistrate Judge pursuant to Local Rule 16-15, Settlement Procedure No. 1, but believe it is premature at this juncture, and will have a better likelihood of success after the parties have conducted some discovery.

Disclosures.  The parties will serve initial disclosures pursuant to Fed. R. Civ. P. 26(a) on or before December 13, 2010.

Evidence Preservation.   Counsel for Samson and Defendants have discussed the preservation of evidence with their respective clients, including putting a halt to any document destruction routines that might result in

1     destruction of germane evidence, including without limitation electronically
2     stored information.

3         <u>Discovery</u>.  No discovery has been taken to date.  The parties see no need
4     to alter the timing, form or requirement for disclosures under Rule 26(a), and
5     such disclosures will be served on or before December 13, 2010.

6         The parties anticipate taking discovery concerning the ownership,
7     creation, development and use of the videos at issue, the parties' respective
8     conduct with respect to the copyright marking of those videos, the promotion
9     and posting of those videos on Defendants' www.ilovelupe.com website and
10    any confusion engendered thereby and/or damages resulting therefrom, the
11    competing ownership claims as to the "Little Lupe" trademark, and Samson's
12    conduct in allegedly  interfering with Defendants' relationships with its
13    business partners, payment processors and subscribing members, and any
14    damages resulting therefrom.  The parties do not propose discovery in phases or
15    limited to particular issues.  The parties have discussed, and will continue to
16    meet and confer concerning, the forms in which electronically stored
17    information will be produced.  The parties anticipate no unusual issues with
18    regard to claims of privilege or protection of documents, will prepare privilege
19    logs regarding any documents withheld on such basis, and will meet and confer
20    regarding an appropriate protective order if deemed necessary.  The parties do
21    not propose limitations or modifications to any applicable discovery rules.

22         The parties stipulate to the following portions of the case schedule and
23    regarding the ADR selection:

| Fed. R. Civ. P 26(a)(1) Initial Disclosures | December 13, 2010 |
|---|---|
| Fed. R. Civ. P 26(f) Joint Report | December 13, 2010 |

| | |
|---|---|
| Mandatory Settlement Procedure Pursuant to Local Rule 16-15 | SETTLEMENT PROCEDURE NO. 1 - The parties shall appear before the district judge or magistrate judge assigned to the case for such settlement proceedings as the judge may conduct or direct |
| Last Day to Amend Pleadings/Add Parties | April 11, 2011 |

Plaintiff proposes the following additional case schedule:

| | |
|---|---|
| Non-Expert Discovery Cut-Off | June 30, 2011 |
| Initial Expert Witness Disclosure | June 20, 2011 |
| Expert Discovery Cut-Off | August 15, 2011 |
| Last day for hearing on motions (other than discovery related motions and motions in limine) | August 15, 2011 |
| Pre-Trial Conference | August 29, 2011 |
| Trial (5-7 days) | September 12, 2011 |

Defendants propose the following case schedule:

| | |
|---|---|
| Non-Expert Discovery Cut-Off | July 25, 2011 |
| Initial Expert Witness Disclosure | August 1, 2011 |
| Expert Discovery Cut-Off | September 12, 2011 |

| Last day for hearing on motions (other than discovery related motions and motions in limine) | September 19, 2011 |
|---|---|
| Pre-Trial Conference | October 17, 2011 |
| Trial (5-7 days) | October 31, 2011 |

Complex Case.  The parties agree this is not a complex case, and there is no need to utilize any of the procedures set forth in the Manual for Complex Litigation.

Motions Schedule.  The parties anticipate filing cross-motions for summary judgment, and will file any such motion to be heard on or before the motion cutoff date.

Trial Estimate.  The case will be tried to a jury.  The parties estimate a five to seven day jury trial.

Additional Parties.  The parties do not anticipate the appearance of additional parties, other than possibly the identification of Doe and Roe defendants.

Expert Witnesses.  The parties propose expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2) as set forth above.


DATED:  December 7, 2010             SPILLANE WEINGARTEN LLP
                                     Jay M. Spillane
                                     Eric B. Carlson


                                     By:  /s/_____
                                          Jay M. Spillane
                                     Attorneys for Plaintiff Samson
                                     Investments, AVV

JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  December 7, 2010            BEITCHMAN & ZEKIAN, P.C.
                                    David P. Beitchman
                                    Todd E. Chvat


                                    By: _/s/_____
                                            David P. Beitchman
                                    Attorneys for Defendants Evan Seinfeld,
                                    Lupe Fuentes, LLC and Webquest, Inc.